AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### WESTERN DISTRICT OF KENTUCKY

FILED

VANESSA L. ARMSTRONG, CLERK

MAR 13 2019

U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| | ) | Case No. 3:19-MJ-212 |
| Christopher James Carroll | ) | |

## CRIMINAL COMPLAINT

I, Matt Hedden, the complainant in this case, state the following is true to the best of my knowledge and belief.

On or about and between September 24, 2018, and December 14, 2018, in the Western District of Kentucky, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Attempted online enticement (two separate minors) |
| 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) | Receipt of child pornography |
| 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) | Possession of child pornography |

This criminal complaint is based on these facts:

X        Continued on the attached sheet

_____
*Complainant's signature*

Matt Hedden, Detective, Department of Criminal
Investigations Kentucky Attorney General's Office
*Printed name and title*

*Sworn to before me and signed in my presence.*

Date:      03/13/2019

_____
*Judge's Signature*

City and State: Louisville, Kentucky

Colin H. Lindsay, U.S. Magistrate Judge
*Printed Name and Title*

RMC:JEL

## AFFIDAVIT

I, Matt Hedden, having been first duly sworn, do hereby depose and state as follows:

1.      I have been employed as a Detective with the Kentucky Attorney General's Office

Department of Criminal Investigations (DCI), since 2015, and am currently assigned to The

United States Secret Service Electronic Crimes Task Force.   Prior to my employment with DCI, I

worked in law enforcement from 1994-2015, first with the Shelbyville (KY) Police Department

for six years and then with the Anchorage Police Department for 15 years where I retired holding

the rank of Lieutenant.   As an investigator with DCI, I have investigated state and federal

violations related to child exploitation and child pornography.   I have gained experience through

various trainings, conferences and everyday work relating to conducting these types of

investigations.  I have received training in the area of child exploitation and online solicitation.

2.      I have not included each and every fact known to me concerning this investigation.  I have

set forth only those facts that I believe are necessary to establish probable cause to believe that

Christopher James Carroll violated federal child exploitation laws specified below.

3.      On or about September 17, 2018, Affiant and DCI Detective Heather D'Hondt received a

complaint of stalking, harassment, and solicitation of sexual images of minors over the Internet

from Jane Doe 1.  Jane Doe 1's complaint concerned actions taken against her juvenile[1] daughter,

"JD 1".  Jane Doe 1 advised that her daughter had been contacted through social media accounts,

including Instagram, and several anonymous phone numbers.   According to Jane Doe 1, "JD 1"

had been contacted through Instagram initially in September 2016. The subject contacting her

stated that he/she had nude photographs of JD 1 and that he/she would send the images to JD 1's

---

[1] JD 1 was under the age of 18 while receiving the communications and at the time of the
complaint by Jane Doe 1.

friends through social media if JD 1 did not send additional nude photographs to the unknown person. JD 1, however, refused to send the requested photographs. Around the same time, the subject contacted several of JD 1's friends and sent nude photographs, pretending to be JD 1. The subject also contacted JD 1 through multiple anonymous phone numbers, counterfeit Instagram, and Snapchat accounts, pretending to be JD 1 or her friends. The apparent goal of these efforts was to solicit information, photographs and to manipulate and harass victims. According to Jane Doe 1, this has been a continued pattern by the subject for approximately two years.

4.      Det. D'Hondt and Affiant also received a complaint from Jane Doe 2 concerning her juvenile[2] daughter, "JD 2". JD 2 stated that a subject had been using fake social media accounts to locate her friends. The subject then created falsified Snapchat and Instagram accounts using various usernames that sound similar to JD 2's, claiming that he was JD 2. The subject engaged in conversations with individuals, whom the victim stated are minors, and sent nude photographs to them stating that the photographs were of JD 2. When the subject sent the photos to JD 2's friends, he asked the friends to send him nude images of themselves. The subject also contacted JD 2 stating they had a topless image of her friend and then told JD 2 if she did not send him something in return, he would send out the image (purportedly of JD 2) to friends' Social Media. The Snapchat account used to contact JD 2 is: colecool76.

5.      Jane Doe 1 and Jane Doe 2, as well as their families, are residents of Meade and Hardin County, Kentucky.

---

[2] JD 2 was under the age of 18 while receiving the communications and at the time of the complaint by Jane Doe 2.

6.     The Office of Kentucky Attorney General issued several subpoenas to Instagram and

Snapchat for subscriber information of the accounts identified by the victims as being used for

abuse. Records provided by both companies yielded a log of IP addresses used to login and

manage the accounts. Detective D'Hondt searched the IP addresses through American Registry

of Internet Numbers (ARIN). That database showed the IP provider as Windstream. The Office

of Kentucky Attorney General then issued a subpoenas to Windstream for the subscriber records

of IP's listed by Instagram and Snapchat. Records provided by Windstream show that subscriber

as: Beth Sisson, on Carriewood Drive in Cecilia, Kentucky.

7.     The victims and families had previously stated during interviews that they believed

Christopher Carroll also known as "CJ," was a potential suspect. Carroll was known to the

victims from previous acquaintance through their church. In particular, one of the juvenile

victims said that she began being targeted online shortly after rebuffing the romantic approach of

CJ Carroll. The victims also stated that Carroll resides with his grandmother, Beth Sisson, in a

camper.

8.     On December 14, 2018, Detective D'Hondt and Affiant travelled to Beth Sisson's address

to speak to Carroll.  Upon arrival at the address, we located Carroll inside the camper residence.

We requested that Carroll accompany us to the Hardin County Sheriff's Office to speak with us

further. He agreed and was transported to the Sheriff's Office where he spoke with Detective

D'Hondt and Affiant. He was then advised about the reason he was being questioned and advised

of his constitution rights, commonly referred to as a *Miranda* warning.

9.     Post-*Miranda*, Carroll admitted that he used the iPhone (model: A1660) in his possession

to communicate on Instagram, Facebook, and Snapchat. He also stated that he had recently used

a Samsung phone and a laptop inside his camper to communicate on Instagram and Snapchat. Carroll was confronted with specific details of the investigation and advised that he was a suspect in the solicitation of sexual images from minors.

10.   Carroll stated that he was aware of naked images being sent by the minors over social media but denied having any possession of these images. He also denied soliciting naked images from minors over the Internet. Carroll then requested to call an unknown person prior to giving any further information. Detective D'Hondt and Affiant left the interview room but were still able to monitor Carroll's conversation over closed circuit monitor. Carroll was heard telling the other party that he was being interrogated at the Sheriff's Office. He was then overheard saying, "and yes I did it."

11.   At the conclusion of the interview Det. D'Hondt seized the iPhone that Carroll had in his possession based on his statement that he had used it to communicate over the same chat platforms as used to entice minors to send nude images. The device was placed in airplane mode by Affiant a short time later to preserve any potential evidence. It was also placed in a Faraday bag to further prevent any electronic signal from connecting with it. The phone was locked by a six digit PIN code.  It did, however, show notifications on the screen when raised to be placed in Airplane mode. One of the notifications visible while still locked was an iMessage from "Sabrina Carroll" that read, "YOU DON'T GET TO SCREENSHOT MY NUDES AND NOT CALL ME FOR GOOD MORNING LOVE." During our interview, Christopher Carroll stated that he was currently dating a 17-year-old and provided her first name (revealed to the reviewing Magistrate Judge).

12.     On December 14, 2018, Affiant requested and was granted a Search Warrant by a Hardin

County District Judge for electronic devices located at Carroll's residence on Carriewood Drive.

Law enforcement officials executed the Search Warrant that same day. Several electronic

devices, including a Samsung Galaxy S8 and an Apple iPad, were recovered from the trailer

where Carroll lived. Those devices were logged and transported to the secure evidence storage

facility located within the Kentucky Attorney General's Cyber Crimes Lab in Frankfort,

Kentucky.

13.     On December 19, 2018, Det. D'Hondt and Affiant travelled to Hardin County in an

attempt to locate Christopher Carroll's minor girlfriend. It was previously determined through

investigation that the full name provided by Carroll was not accurate – only the first name.  The

minor girlfriend, "SB" lives with her mother in Hardin County, Kentucky.

14.     Affiant located SB and her mother at their residence in Elizabethtown, Kentucky.  Affiant

advised SB's mother about the investigation involving Carroll for soliciting sexual images from

minors and advised her that he believed Carroll had received such images from her daughter.

15.     "SB" stated that she was dating Carroll and that they had an ongoing sexual relationship.

She said that she was aware of the recent events involving Carroll because she was present for a

conversation between Carroll and his family on December 14 (after Carrol's interview with

Affiant). "SB" also stated that she was aware that Carroll had pictures of her on his phone and

that those images were sent by her over the Internet. She stated that she had access to Carroll's

phone when he was present and as such knew his PIN code to unlock the device. She then stated

it was, "my birthday."   At that point, SB's mother provided her daughter's birthday, "3 26

2001."

16.     Upon conclusion of the interview with SB and her mother, Affiant seized the Apple iPhone (model: XS Max) SB had on her person based on suspicion it was the device used by her to send her nude images to Carroll.  SB's mother added that SB had additional phones in her room. She then instructed SB to retrieve the devices and turn them over to Affiant.  Affiant and Detective D'Hondt accompanied the SB and her mother inside the home and recovered two additional phones. The devices were another Apple iPhone (model: A1549) and a Huawei (model: BLN-L24) smartphone. The iPhone SB had on her person was placed in airplane mode. The other devices were already powered off and remained in that state. All devices were then placed in a Faraday bag and transported to the Kentucky Attorney General's Cyber Crime Lab for storage.

17.     On December 20, 2018, Affiant applied for and was granted a Search Warrant by Franklin County District Judge Olds for the devices recovered from Carroll and SB. The devices were then examined by Kentucky Attorney General's Cyber Crime Lab Branch Manager Tom Bell.  On December 20, 2018, Detective Bell extracted the data from the previously identified devices over the Cellebrite software licensed to the Kentucky Office of Attorney General. Affiant then reviewed the accompanying reports created with that data.

18.     Affiant observed that the devices recovered from Carroll's person (*i.e.*, iPhone 7) and residence (Samsung Galaxy S8) contained numerous images of the breasts, genitals, and buttocks of previously identified minor, SB.  Affiant also observed a video of Carroll sucking the naked breast of SB. Several of the images of SB located on Carroll's phones contained EXIF data. That EXIF data contained the date and time stamp of the images and in some cases the device used to create the images. Numerous images were created between September 24, 2018, and October 31,

2018. Some of these images were also created by an Apple XS Max, the same type of device as seized from the minor "SB".

19.     Affiant also observed a Cellebrite report for an Apple iPad recovered from the bed inside Carroll's trailer. That report contained numerous nude and partially nude images of minors (*i.e.*, individuals under the age of 18). Affiant also observed directly from the iPad itself that some of the photos were arranged in album folders listed with personal names. Several of the folders were labeled with names identified as minor victims during the course of the investigation. The images depicted minors engaged in sexually explicit conduct.[3]

20.     Based on the foregoing, there is probable cause to believe that on or about and between September 24, 2018, and December 14, 2018, in the Western District of Kentucky, Hardin County, Kentucky, Christopher James Carroll:

        a.  knowingly attempted to persuade, induce, and entice an individual (JD 1), who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b);

        b.  knowingly attempted to persuade, induce, and entice an individual (JD 2), who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b);

        c.  knowingly received child pornography, as that term is defined in 18 U.S.C. § 2256(8)(a), that, using any means and facility of interstate commerce, had been shipped and transported in interstate commerce, by any means, including by computer, in violation of 18

---

[3] A sampling of the images have been shown to the reviewing Magistrate Judge and will be maintained in a secure manner by Affiant.

U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1); and

     d.  knowingly possessed any material that contained an image of child pornography, as

that term is defined in 18 U.S.C. § 2256(8)(a), that had been shipped and transported in

interstate commerce, by any means, including by computer, in violation of 18 U.S.C.

§§ 2252A(a)(5)(B) and 2252A(b)(2).


                              _____
                              Matt Hedden
                              Detective, Department of Criminal Investigations
                              Kentucky Attorney General's Office


     Sworn to me this _13th_ day of March, 2019.


                              _____
                              COLIN H. LINDSAY
                              United States Magistrate Judge


RMC:JEL