## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY   *AMENDED*

| United States District Court | District Western District of KY |
|---|---|
| Name (under which you were convicted): Christopher James Carroll | Docket or Case No.: 3:19-cr-163-RGJ |
| Place of Confinement: FCI Ashland | Prisoner No.: 19665-033 |
| UNITED STATES OF AMERICA  v.  Christopher James Carroll | Movant (include name under which you were convicted) |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   United States District Court
   Western District of Kentucky (Louisville Division)
   601 West Broadway
   Louisville, KY 40202

   (b) Criminal docket or case number (if you know): 3:19-CR-163-RGJ

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: November 10, 2020

3. Length of sentence: 120 months

4. Nature of crime (all counts): 18 U.S.C. 2252A (Receipt of Child Pornography)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

FILED
JAMES J. VILT, JR. - CLERK
MAR 11 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒
8. Did you appeal from the judgment of conviction?     Yes ☐     No ☒
9. If you did appeal, answer the following:
   (a) Name of court:
   (b) Docket or case number (if you know):
   (c) Result:
   (d) Date of result (if you know):
   (e) Citation to the case (if you know):
   (f) Grounds raised:




   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒
       If "Yes," answer the following:
       (1) Docket or case number (if you know):
       (2) Result:

       (3) Date of result (if you know):
       (4) Citation to the case (if you know):
       (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐    No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☐

(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE: Defense Counsel Withheld Discovery**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

```
Counsel for the defendant withheld documents of the discovery that
were provided by the government. While the defendant was in the
custody of the U.S. Marshals, in a holding cell at the courthouse,
the defendant met with counsel for the government, Jo Lawless, and
counsel for the defense, Brian Butler. During this meeting Mr. Butler
brought a box full of printed documents from the electronic discovery
provided by the government, however, during this meeting both Mr. Butler
and Ms. Lawless proceded to take pages from the discovery and
discard them without the defendant seeing the information on them.
Counsel for the defendant refused and is still refusing to send
the defendant the discovery that was provided by the government.
```

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☒   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☒   No ☐
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO: Defense Counsel Did Not Provide Adequate Defense**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel for the defendant refused to provide a full defense for the defendant. Defense counsel, Brian Butler, refused to argue certain enhancements at the time of sentencing, such as distribution, and pattern of activity enhancements. Mr. Butler also failed to bring to the attention of the court of 34 U.S.C. 20911 (5)(c) that states "consensual sexual conduct is not a sex offense... the victim was at least 13 years old and the offender was not more than four years older than the victim". If Mr. Butler would have made these arguements on behalf of the defendant then the sentencing guideline range would have been under the 120 month sentence given by the court and the defendant would not have to register as a sexual offender.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☒   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE: Government Did Not Provide Full Discovery**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Counsel for the government never provided the defense with a full copy of discovery used against the defendant. One such instance was in the criminal complaint, the affiant used a text message from S.B. stating, "You don't get to screenshot my nudes and not call for goodmorning love". The government threatend enticement and indicted on receipt (18 U.S.C. 2252A) but never provided any discovery showing S.B. was a victim in the case. S.B. has always fought that she was not a victim in the case and the defense has never been shown one part of the discovery to confirm she was ever a victim.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☒  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Page 8

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR: Counsel For The Government Coherced The Defendant**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Counsel for the government threatend to indict the defendant with enticement giving the defendant a mandatory minimum sentence of 120 months, if the defendant did not plead guilty to one count of receipt (18 U.S.C. 2252A). The defendants guideline range was between 97-121 months, and the defendant was sentenced to the very top of those guidelines, 120 months. If the government would not have used the scare tactic of life in federal prison, with defense counsel agreeing with the government, then the defendant would have been able to try to fight for the lower end of the guideline range, or may have been able to lower the guideline range.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☒ No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐ No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐ No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐ No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **N/A**

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Brian Butler
   400 West Market Street, Suite 1800
   Louisville, KY 40202-3352

   (b) At arraignment and plea: Brian Butler
   400 West Market Street, Suite 1800
   Louisville, KY 40202-3352

   (c) At trial: N/A

   (d) At sentencing: Brian Butler
   400 West Market Street, Suite 1800
   Louisville, KY 40202-3352

(e) On appeal: Pro Se

(f) In any post-conviction proceeding: Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, movant asks that the Court grant the following relief:

**Correction of Sentence**

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on **March 08, 2022** (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN AND WESTERN DISTRICT OF KENTUCKY

## AMENDED
## NOTICE OF ELECTRONIC AVAILABILITY OF CIVIL CASE FILE INFORMATION

### (AMENDED TO COMPLY WITH THE AUGUST 2, 2004 AMENDMENTS TO THE E-GOVERNMENT ACT OF 2002)

The United States District Courts for the Eastern and Western Districts of Kentucky are making the content of documents filed in electronic form or converted from a paper filing to electronic form available on the court's Internet web site via WebPACER. Any subscriber to WebPACER will be able to read, download, store and print the full content of electronically filed or electronically converted documents. The clerk's office will not make available over the Internet electronic documents that have been sealed or otherwise restricted by court order.[1]

You should not include sensitive information in any document filed with the court unless such inclusion is necessary and relevant to the case. Any personal information not otherwise protected will be made available over the Internet via WebPACER. If sensitive information must be included, the following personal identifiers must be partially redacted from the document, whether it is filed on paper or electronically:

A.   SOCIAL SECURITY NUMBERS. If an individual's social security number must be included in a document, only the last four digits of that number should be used.

B.   NAMES OF MINOR CHILDREN. If the involvement of a minor child must be mentioned, only the initials of that child should be used.

C.   DATES OF BIRTH. If an individual's date of birth must be included in a document, only the year should be used.

D.   FINANCIAL ACCOUNT NUMBERS. If financial account numbers are relevant, only the last four digits of these numbers should be used.

In compliance with the E-Government Act of 2002, and as amended August 2, 2004, a party filing a document containing any of the personal data identifiers specified above may:

(a)   file an unredacted copy under seal. This document shall be retained by the court as part of the record. A redacted copy for the public record must be filed along with the unredacted document under seal.      OR

---

[1] Reference Electronic Case Filing Administrative Policies and Procedures for the Eastern and Western Districts of Kentucky

