UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:19-CR-00163-RGJ

**CHRISTOPHER JAMES CARROLL**                                      **PETITIONER**

**VS.**

**UNITED STATES OF AMERICA**                                        **RESPONDENT**

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION

This matter is before the Court on Christopher James Carroll's ("Carroll's") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (DN 63). Carroll challenges his sentence due to alleged shortcomings in both his attorney's and the United States' conduct. (*Id.*). The government has filed a response (DN 74), and Carroll has filed a reply (DN 79). The District Judge has referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact, conclusions of law, and recommendations on any dispositive matter. (DN 64). For the following reasons, the Court recommends Carroll's motion be **DENIED**.

## FINDINGS OF FACT

In September 2017, the Kentucky Office of Attorney General Department of Criminal Investigations ("AG DCI") received two separate complaints of stalking, harassment, and solicitation of sexual images of minors from two concerned parents. (DN 1, at PageID # 2–3). These parents' children, "JD 1" and "JD 2," were both juveniles. (*Id.*). An investigation by AG DCI led to Carroll, and his seized phone communications revealed the involvement of a third

minor: "SB." Carroll admitted to being in a relationship with SB, and SB later disclosed that the relationship was sexual and SB had been sending explicit pictures of herself to Carroll. (*Id.*, at PageID # 4–6).

A Magistrate Judge signed a criminal complaint charging Carroll with four total crimes: two charges of enticing minors to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); one charge of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1); and one charge of possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (*Id.*, at PageID # 8–9). Following the start of plea negotiations, a federal grand jury in the Western District of Kentucky indicted Carroll on one count of receipt of child pornography. (DN 16).

In July 2020, Carroll finalized a plea agreement with the United States. (DN 43). In exchange for Carroll's guilty plea to the Indictment's lone charge, the United States agreed to recommend a ten-year sentence of imprisonment followed by ten years of supervised release and recommend a fine at the lowest end of the applicable Guideline Range. (*Id.*, at PageID # 96–97). As part of the plea agreement, Carroll also agreed to waive his right to a direct appeal barring claims of ineffective assistance of counsel or prosecutorial misconduct. (*Id.*, at PageID # 97). The Presentence Investigation Report ("PSR") stated Carroll had no previous convictions, with his only other arrest being for the same offense at the state level. (DN 48, at PageID # 130). The state court dismissed those charges prior to Carroll's arrest for the instant federal offense. (*Id.*, at PageID # 122). Based on the offense level computation and Carroll's criminal history, the PSR recommended Carroll serve "168 to 210 months[,]" followed by a five-year-to-life term of supervised release. (*Id.*, at PageID #132–33). At sentencing, the Court imposed a term of 120-

months imprisonment—a term well below the Guidelines Range but reflective of the United States' recommendation. (DN 57, at PageID # 215).

Now, Carroll has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (DN 63). Although he waived most grounds for challenging his sentence in his plea agreement, he bases this motion on the two options that remain: ineffective assistance of counsel and prosecutorial misconduct. (*Id.*).

## CONCLUSIONS OF LAW

Under 28 U.S.C. § 2255, a prisoner in custody may move a court to vacate, set aside, or correct a sentence on grounds that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28 U.S.C. § 2255(a). Caselaw differentiates between constitutional and non-constitutional errors. To obtain relief due to a constitutional violation, the prisoner who pled guilty "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea." *Humphress v. U.S.*, 398 F.3d 855, 858 (6th Cir. 2005) (citation omitted). Conversely, challenges to non-constitutional errors only hold merit "when the error qualifies 'as a fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The burden required for a successful § 2255 claim demands petitioners "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). This heightened burden reflects the historic meaning of habeas corpus, which is "to afford relief to those whom society has 'grievously wronged.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Carroll lodges four challenges to his conviction. (DN 63, at PageID # 245–49). First, he argues his attorney improperly withheld discovery from him. (*Id.*, at PageID # 245). Second, he states his attorney failed to raise an argument at sentencing that would have prevented him from having to register as a sexual offender. (*Id.*, at PageID # 246). Third, he argues the government did not provide any discovery to indicate that SB was a victim of a crime. (*Id.*, at PageID # 248). Lastly, he asserts the government coerced him into pleading guilty by threatening to bring additional charges. (*Id.*, at PageID # 249).

### A. Ineffective Assistance of Counsel Claims

As the United States points out, Carroll's burden of proving ineffective assistance of counsel is a heavy one. (DN 74, at PageID # 367) (citing *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993)). A successful ineffective-assistance-of-counsel claim requires two showings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show counsel's performance was so seriously deficient that the petitioner effectively did not receive his Sixth Amendment guarantee to counsel. *Id.* Second, the petitioner must demonstrate the deficiency in representation resulted in prejudice. *Id.* Together, succeeding on these two prongs would reveal the shortcomings in representation were such that "the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

### i. Withholding Discovery

In a meeting between himself, his counsel, and the government, Carroll claims his attorney "brought a box full of printed documents from the electronic discovery provided by the government, however, during this meeting [his counsel and the government] proceeded to take pages from the discovery and discard them without the defendant seeing [the pages]." (DN 63, at

PageID # 245). Carroll's counsel allegedly "refused and is still refusing" to share these documents. (*Id.*).

Carroll's counsel disagrees with this accusation. (DN 74-1, at PageID # 373). In a signed affidavit, trial counsel states Carroll "was given access to and shown the images which constituted the child pornographic evidence against him" during the meeting. (*Id.*). Further, his counsel states he mailed appropriate hard copies of the discovery to Carroll in prison, following the mailing directions provided by the prison.[1] (*Id.*).

Regardless of whether Carroll's counsel may have withheld certain discovery, Carroll fails to demonstrate the alleged withholding resulted in prejudice. He only vaguely asserts he did not get to see everything produced in discovery but does not allege or even contemplate that any prejudice resulted from this withholding. Because Carroll cannot meet the second prong of *Strickland*, Carroll's claim regarding his attorney withholding discovery should be denied.

        ii.       Failure to Raise Proper Objections During Sentencing

Carroll next takes issue with his attorney's performance at sentencing. (DN 63, at PageID # 247). First, Carroll states his attorney should have argued against the "distribution" and "pattern-of-offense" sentencing enhancements. (*Id.*). Second, Carroll argues, had his attorney brought 34 U.S.C. § 20911(5)(c) to the Court's attention, he would have received a lighter sentence and would not have had to register as a sex offender. The relevant portion of the statute states that "[a]n offense involving consensual sexual conduct is not a sex offense . . . if the victim was at least 13

---

[1] Counsel made efforts to coordinate the delivery of appropriate discovery to Carroll in prison. (DN 74-1, at PageID # 374). Due to the nature of the crime, Carroll's attorney could not send some portions of the discovery, e.g., lewd images of minors. (*Id.*). As such, the prison rejected counsel's initial attempt to send tailored discovery to Carroll. (*Id.*). In its rejection of the first attempt, the prison provided Carroll's attorney with guidance on how to mail the discovery, which counsel then followed. (*Id.*).

years old and the offender was not more than 4 years older than the victim." 34 U.S.C. § 20911(5)(c).

When assessing ineffective-assistance claims, courts must give counsel wide latitude in their assessment of tactical decisions. *See Strickland*, 466 U.S. at 689. Here, Carroll's counsel had a strategy: cooperation. (DN 74-1, at PageID # 373). By cooperating, his counsel hoped to avoid additional charges of enticement and obtain the lowest sentence possible for Carroll. (*Id.*). To achieve this goal, Carroll's attorney arranged for Carroll to meet with the government and admit his wrongdoing. (*Id.*). His strategy succeeded; the United States agreed to not add enticement charges. (*Id.*, at PageID # 373–74).

Contrary to what Carroll argues, his attorney did attempt to lower the guideline range. (DN 49, at Page ID # 390; *see* DN 48-1, at PageID # 138). Despite making the tactical decision to cooperate with the government, Carroll's attorney still objected to two sentencing enhancements leading up to the hearing. (DN 48-1, at PageID # 138). Counsel unsuccessfully pursued one of the objections at sentencing and withdrew the other. (DN 69, at PageID # 306–25). Carroll's attorney's decision on arguing these objections at sentencing resulted from his desire to focus on Carroll's conduct and obtain a sentence below the guideline range. (DN 74-1, at PageID # 374–75). Further, pushing for a sentence less than the government's recommendation—a sentence already below the guidelines range—would have breached the plea agreement. (DN 43). Carroll's attorney succeeded in obtaining the ten-year sentence, and, as such, the Court finds his tactical decision to not object during sentencing resulted from sound litigation strategy and does not constitute deficient performance.

Carroll also contends his attorney should have raised 34 U.S.C. § 20911(5)(c) to the Court during sentencing. This statute exempts sexual conduct between individuals older than thirteen

and less than four years apart in age from sexual offenses under the sex offender registration statute. (DN 63, at PageID # 246). Counsel's submitting this statute at sentencing, however, would not have impacted Carroll's conviction. Carroll pleaded guilty to receiving child pornography; Carroll did not plead guilty to having sexual contact with a minor. Therefore, 34 U.S.C. § 20911(5)(c) was not relevant to his conviction, and Carroll has not demonstrated the necessary deficient performance of counsel and resulting prejudice as required by *Strickland*.

### B. Prosecutorial Misconduct

To succeed on a claim for prosecutorial misconduct, a petitioner must show the government's conduct was "so egregious as to render the entire [process] fundamentally unfair." *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997). To make such a showing, a petitioner first must prove "the prosecutor's conduct and remarks were improper." *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2016). If the remarks were improper, the Court then must determine "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong." *Id.* (citing *United States v. Carter,* 236 F.3d 777, 783 (6th Cir. 2002)).

   i.  Withholding Discovery

Carroll alleges the United States did not provide him with discovery in full. (DN 63, at PageID # 248). Specifically, Carroll flags the government never providing him with a text message from SB referenced in the criminal complaint. (*Id.*). The text message at issue states: "You don't get to screenshot my nudes and not call for goodmorning [sic] love." (*Id.*). The United States does not clarify in its response whether it produced the text message at issue during discovery. (DN 74).

7

The Supreme Court addressed the government's withholding of evidence in *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, the Court held the government may not withhold evidence "favorable to an accused" and "material either to guilt or to punishment." *Id.* at 87. To succeed on showing a *Brady* violation, "a convicted defendant must make three showings: (1) the evidence at issue is 'favorable to the accused, either because it is exculpatory, or because it is impeaching'; (2) the State suppressed the evidence, 'either willfully or inadvertently'; and (3) 'prejudice . . . ensued.'" *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (quoting *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). Importantly, *Brady* does not require a prosecutor "to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused." *United States v. Bagley*, 473 U.S. 667, 675 (1985).

Carroll fails to make a prima facie showing of prosecutorial misconduct. Had the government not produced the message and the message had been exculpatory, it may have rendered the process unfair. However, the text message evidenced Carroll's crime of receiving child pornography, making it unfavorable to Carroll. The message was one of many facts used in supporting the criminal complaint. (DN 1). Because the text message at issue does not favor Carroll, the government was not required, under *Brady*, to produce it. Thus, Carroll's prosecutorial misconduct challenge fails.[2]

    ii.    Coercion to Plead Guilty

Finally, Carroll claims the United States acted improperly by threatening to indict him on additional enticement charges if he did not accept the plea deal. (DN 63, at PageID # 249). The United States responds that Carroll fails to support this claim with any evidence and this claim

---

[2] Carroll also takes issue with the government classifying SB as a victim. (DN 63, at PageID # 248). However, SB's status as a victim would not impact Carroll's sentence. Carroll also victimized JD 1 and JD 2. Therefore, this argument fails.

contradicts his sworn statements under oath during the change-of-plea hearing. (DN 74, at PageID # 369).

"Solemn declarations in open court carry a strong presumption of veracity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Only in rare circumstances can petitioners overcome the barrier of the plea-proceeding record. *Id.*, at 75. Prosecutorial misconduct does not arise from the government offering to pursue some charges and not others in exchange for a plea deal— particularly when the petitioner is on the record saying the guilty plea results from his own free will. *See Torvellas v. United States*, No. 3-13-0046, 2016 WL 4516063, at *10 (M.D. Tenn. Aug. 26, 2016) (finding petitioner's statements on the record about voluntarily pleading guilty to overcame later claims of coercion); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("[I]n the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.").

During Carroll's change-of-plea hearing, the District Judge made a finding that Carroll's plea was "voluntarily made." (DN 67, at PageID # 286). This finding came after the Court asked Carroll during the plea colloquy if "anyone [had] threatened [Carroll], threatened anyone close to [Carroll], or forced [Carroll] in any way to plead guilty." (*Id.*). Carroll responded, "No, ma'am." (*Id.*). The Court then asked Carroll if "it was [his] free choice to plead guilty." (*Id.*). Carroll responded, "Yes, ma'am." (*Id.*). The Court then confirmed Carroll understood the impact of his plea. (*Id.*, at). Thus, the record reflects Carroll's guilty plea was knowing, intelligent, and voluntary and not the result of coercion.

Because Carroll's sworn statements contradict his current claims of coercion, he fails to show impropriety in the United States' actions. As such, this claim of prosecutorial misconduct also lacks merit.

C. Certificate of Appealability

The final question is whether Carroll is entitled to a Certificate of Appealability. To warrant a Certificate of Appealability, a movant "must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes a showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No reasonable jurists could debate whether Carroll has stated valid claims. Both of Carroll's claims of ineffective assistance of counsel fail to meet the prejudice prong under *Strickland*. 466 U.S. 668 (1984). Additionally, both of Carroll's malicious prosecution arguments also lack merit; the allegedly withheld discovery is not exculpatory, and Carroll's sworn statements during his plea hearing contradict his claims of coercion. Carroll presents insufficient evidence for these issues to deserve further proceedings. The Court, accordingly, recommends that no Certificate of Appealability should issue as to Carroll's § 2255 claims.

RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** the claims in Carroll's § 2255 motion to vacate (DN 63) be **DENIED**. The Court further **RECOMMENDS** that no Certificate of Appealability issue as to Carroll's claims.

**NOTICE**

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Crim.P. 59(b)(2), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. Fed.R.Crim.P. 59(b)(2). If a party

has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 150–51 (1985).

Regina S. Edwards, Magistrate Judge
United States District Court

November 29, 2022

Copies:   Christopher James Carroll, *pro se*
Counsel of Record

11