UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                 Plaintiff

v.                                                                Criminal Action No. 3:19-CR-00163

CHRISTOPHER JAMES CARROLL                                                             Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Christopher James Carroll ("Carroll") moves for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A) from his 120-month sentence. [DE 86]. He also filed a Motion for Release of Sealed Documents [DE 84] and Motion to Seal medical records accompanying his request for compassionate release. [DE 87]. The United States responded opposing the motion for compassionate release. [DE 95]. No reply was filed, but the time for doing so has passed. This matter is ripe. For the reasons below, Carroll's motion for compassionate release [DE 86] and Motion for Release of Sealed Documents [DE 84] are **DENIED**. Carroll's Motion to Seal [DE 87] is **GRANTED.**

**I.     BACKGROUND**

On September 11, 2019, the Grand Jury charged Carroll with Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A) and 2252A(b)(1). [DE 15]. Specifically, the investigation of Carroll's devices revealed that he had sought and received child pornography images from three victims. [DE 48, ¶¶ 19-20]. On March 21, 2019, Carroll was released on bond with the following condition: no contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

[*Id.*, ¶ 5]. In January 2020, Carroll was rearrested, and his bond revoked for violating the condition of his bond stating that he not contact the victims. [DE 32].

On July 8, 2020, Carroll plead guilty to the single-count Indictment pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C). [DE 43]. The plea agreement called for a sentence of 120 months imprisonment followed by 10 years supervised release. [*Id.*]. The calculated Guideline Range was 168 months to 210 months. [DN 48, ¶ 61]. The Court adopted the parties' binding plea agreement and sentenced Carroll to the requested 120 months imprisonment. [DE 57].

Carroll now moves for compassionate release asserting that (1) he is not being provided proper medical care; (2) he needs to serve as a caregiver to his grandfather; (3) he has been rehabilitated; and (4) his youthfulness at the time of the offense. [DE 86].

## II.  ANALYSIS

### A. *Motions for Compassionate Release [DE 86].*

  a. <u>Exhaustion of Administrative Remedies.</u>

An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (describing statutory changes to exhaustion process). This exhaustion requirement is waivable, not jurisdictional—but becomes "mandatory" if the Government invokes it. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Taylor*, No. 20-3642, 2020 WL 7383648, at *1 (6th Cir. Nov. 9, 2020). It is the defendant's burden to show that he has exhausted his administrative remedies. *United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).

On May 23, 2024, Carroll submitted a detailed request for compassionate release to the Warden at FCI Ashland. [DE 95, Exh. A at 553-55]. The request was based on Carroll's medical conditions, his need to assist as a caregiver for his grandfather, his rehabilitation, and his youthfulness at the time of the offense. [*Id.*]. The Warden denied the request. [DE 86-2 at 445]. On June 24, 2024, Carroll submitted a motion to the Court for compassionate release. [DE 86]. As a result, more than 30 days have passed since Carroll's request to the warden, his request was denied, and therefore Carroll has satisfied the administrative exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). The United States agrees. [DE 95 at 543].

      b. <u>Sixth Circuit "Three-Step Inquiry."</u>

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). That said, district courts must "supply specific factual reasons for their compassionate release decisions." *Id.* at 1101-02.

After addressing exhaustion, district courts apply a "three-step inquiry" in considering a compassionate-release motion filed under § 3582(c)(1). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *McCall*, 56 F.4th at 1054 (quotations omitted).

3

District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking. *Elias*, 984 F.3d at 519.

The Sentencing Commission amended the compassionate-release policy statement to describe six categories of extraordinary and compelling reasons that individually, or in combination, may support compassionate release. The updated policy statements "provide[ ] a non-exhaustive list of various circumstances that either alone or in combination qualify as extraordinary and compelling reasons for a sentence reduction." *United States v. Whitworth*, No. 1:23-CR-561-4, 2023 WL 8190131, at *2 (N.D. Ohio Nov. 27, 2023). The categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury;" (5) "other reasons" similar to those in (1)–(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

The § 3553(a) factors to be considered include the prisoner's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a)(1)–(2)).

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020) (citing *Jones*, 980 F.3d at 1114; *United States v. Ruffin*, 978 F.3d 1000, at 1008-09; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"). But post-sentencing rehabilitation, standing alone, "does not rise to the level of an extraordinary and compelling reason for granting compassionate release." *United States v. Harper*, No. 22-1291, 2023 WL 10677931, at *3 (6th Cir. Dec. 12, 2023); *Jackson*, 2023 WL 9023349, at *2 (citing *Ruffin*, 978 F.3d at 1004).

The defendant bears the burden of establishing entitlement to a sentence reduction under 18 U.S.C. § 3582. *See United States v. Karr*, No. 6:17-CR-25-REW, 611 F.Supp.3d 395, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

  c. <u>No Extraordinary and Compelling Reasons Warrant Early Release</u>

    i. *Medical Condition and Provision of Care*

Carroll asserts that he is not being provided appropriate heath care services at FCI Ashland. [DE 86 at 421]. Carroll states that he suffers from "right knee and foot pain from a previous motor vehicle accident" causing "pain, numbness, tingling, and limited mobility of the right arm." [*Id.*]. Consequently, he states he has made "repeated requests for a lower bunk due to the difficulty climbing" that results from his pain and limited mobility, but "Health Services still refused to allow Carroll a bottom bunk." [*Id.*]. As a result of this refusal, Carroll reports that he fell in late October 2022 "while trying to climb into the top bunk and landed on a table with his upper right arm." [*Id.* at 421-22]. He asserts that while FCI Ashland has gotten him appropriate studies, they have never followed up on the reports and have failed to appropriately reorder medications. [*Id.* at 422].

5

A medical circumstance may be extraordinary and compelling if the defendant's condition resembles one of the four situations described by the Sentencing Commission's policy statement. Set forth at § 1B1.13(b)(1), these encompass circumstances when the defendant is:

> • "suffering from a terminal illness";
> • suffering from a "serious physical or medical condition" or a "serious functional or cognitive impairment" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover";
> • "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death"; or
> • housed in and medically threatened by a facility affected by a disease outbreak or public health emergency causing risk that cannot otherwise be timely mitigated.

While the medical encounter records appear to indicate tingling in his right arm and the use of medications to treat this condition, his circumstances do not resemble any of those identified in the policy statement. § 1B1.13(b)(1). Carroll does not claim that he has "a serious and advanced illness with an end-of-life trajectory" or anything that is truly debilitating. § 1B1.13(b)(1)(A). While there is no doubt that Carroll is experiencing some pain, he does not report any a "serious physical or medical condition" or a "serious functional or cognitive impairment" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." § 1B1.13(b)(1)(A). Nor is there any evidence in the record that he needs some type of specialized long-term care or is at serious risk of death. *United States v. Daugherty*, No. 5:18-CR-19-BJB, 2024 WL 4457842, at *2–3 (W.D. Ky. Oct. 10, 2024).

Additionally, it is clear from the record that Carroll is being treated and while he has had issues with medication, he is receiving it. *See* § 1B1.13(b)(1)(C). Carroll has failed to provide evidence in the record that he is being denied medical care. *United States v. Sexton*, No. 2:19-cr-192, 2021 WL 128952, at *3, 2021 U.S. Dist. LEXIS 7217, at *6 (S.D. Ohio Jan. 14, 2021) (denying motion for compassionate release when prisoner failed to provide the court with evidence

"that he requested and was denied necessary care."). Simply, his medical issues do not fall into any of the four categories outlined by the Sentencing Commission, and he is receiving care. As a result, he has not presented extraordinary and compelling reasons for early release.

### ii. Death of Carroll's Grandfather

Carroll claims he is needed to serve as a caregiver for his grandfather who suffers from numerous medical issues. [DE 86 at 422-23]. The United States reported in its response that Carroll's grandfather unfortunately passed away in early July 2024, after the filing of Carroll's motion for compassionate release. [DE 95 at 546, Exh. B, Matthew Sisson Obituary]. As a result, the Court need not further address this ground for compassionate release.

### iii. Youthful Age at Time of Offense

Carroll asserts that he was "only 18 and 19 years old" at the time the offense in this case was committed and asserts that everyone in the case was a teenager like Carroll. [DE 86 at 426-27]. He asserts this is compelling grounds for compassionate release or sentence reduction.

The Sixth Circuit has held that facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction. *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) ("Facts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction."). Carroll's age, and the ages of those involved in the case, were facts known and considered by the court at the time of sentencing. *United States v. Hunter*, 12 F.4th 555, 563 & n.3 (6th Cir. 2021) (holding that the defendant's age when he committed the underlying crime was not an extraordinary and compelling reason); *United States v. Ewing*, No. 3:12-CR-104, 2024 WL 3868237, at *3 (W.D. Ky. Aug. 19, 2024); *United States v. Walton*, No. 09-157, 2022 WL 2177533 at *5, 2022 U.S. Dist. LEXIS 107312 at *10 (E.D. La. June 16, 2022) (finding youth and

mental capacity were not extraordinary and compelling factors warranting compassionate release when those facts were known and considered by the sentencing court). Specifically, here, the age of Carroll and the age of the other teenagers involved in the case was a main reason for the Court accepting the plea agreement in this case for a sentence well below the guidelines. [DE 69 at 338-39 ("I'm basing that primarily on the age of both the victims and the defendant at the time the actions took place, the nature of Jane Doe 3 or the girlfriend and the relationship that existed there.")]. Therefore, Carroll's age at the time of the offenses was known and considered by the Court and does not justify early release. *Hunter*, 12 F.4th at 563 & n.3.

*iv. Rehabilitation Efforts*

Carroll correctly recognizes while rehabilitation by itself cannot serve as independent reason for compassionate release, it can be considered in concert with other circumstances. *Lawrence v. United States*, 570 F. Supp. 3d 524, 529 (W.D. Ky. 2021) ("rehabilitation is specifically excluded as an independent basis for compassionate release."); *United States v. Wieber*, Case No. 3:14-CR-74-TBR, 2020 WL 1492907 at *3 (W.D. Ky. Mar. 27, 2020) (collecting cases holding that rehabilitation is not a sufficient basis for compassionate release). Carroll lists a long collection of educational classes he has taken while incarcerated. He states that he will earn his Bachelor of Science in Business Administration along with an Advanced Paralegal Certification this month. [DE 86 at 424-25]. He has clearly shown a desire to improve himself in preparation for release. The Court acknowledges these efforts and commends his drive to pursue higher education. The Court applauds the actions, but because Carroll was unable to show another extraordinary and compelling reason for release, such release cannot be granted on rehabilitation grounds alone. *Lawrence*, 570 F. Supp. 3d at 529.

      d.   <u>Section 3553(a) Factors</u>

Having found no extraordinary and compelling circumstances, the Court need not address the § 3553(a) factors, *Elias*, 984 F.3d at 519, however, for completeness of the record the Court will provide an assessment of these factors.

Section 3553(a)'s factors include:

> The nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a)(1-2). A court need not "specifically articulat[e]" every single Section 3553(a) factor in its analysis. *Jones*, 980 F.3d at 1114 (internal quotation and citation omitted). Instead, the record "as a whole" must confirm that the pertinent factors were considered by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* at 1112.

This Court was the sentencing court and has taken multiple hard looks at the sentencing factors in this case. There is nothing presented in the current motion that changes the Court's assessment of the § 3553(a) factors or would warrant a sentence reduction. The calculated Guideline Range was 168 months to 210 months. [DN 48, ¶ 61]. The Court accepted the binding plea agreement for a significantly lesser sentence because of the specific facts of the situation, the ages of those involved, how close those ages were to one another, and the nature of their relationship. [DE 69 at 338-39].

The Court found Carroll's use of an old letter from one of the victims in this case as support for his compassionate release motion very concerning. [DE 95 at 549; DE 88-5 at Exh. K]. This is especially true given the United States' filing of an affidavit regarding the misleading use of this

letter. [DE 95 at Exh. D]. It is certainly a factor weighing against compassionate release in terms of § 3553(a) and protection of the public. This is especially true when considered in concert with Carroll's original revocation of the terms and conditions of bond for having contact with one of the victims in this case. [DE 32].

After reviewing the PSR and statement of reasons and judgment, the Court's sentence adequately reflected the seriousness of the offenses, promoted respect for the law, provided just punishment, afforded adequate deterrence of future criminal conduct, and protected the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The Court's analysis on these factors remains unchanged from that at sentencing. The Court therefore finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against early release in this case.

### B. *Motion to Seal [DE 87].*

Carroll requests leave to file medical records under seal. [DE 87; DE 88]. Specifically, these documents contain large amounts of personal medical information.

"The sealing of judicial documents and records is left to the sound discretion of the Court." *United States v. Kischnick*, No. 18-20469, 2020 WL 3172634, at *2 (E.D. Mich. June 15, 2020) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)). Here, the Court finds it appropriate to seal the requested medical records to preserve their privacy interest in these documents. *See United States v. Sanders*, No. 1:20-cr-00366, 2022 WL 896668, at *3 (N.D. Ohio Mar. 28, 2022) (granting the defendant's ex parte motions to file exhibits that have personal medical information under seal because "[s]ealing the exhibits at issue preserves [the defendant's] privacy interest in his medical records"); *Kischnick*, 2020 WL 3172634, at *2 (concluding that a "motion to seal should be denied because the information Defendant seeks to

10

seal forms the primary basis for the relief he seeks" (internal citation omitted)). Accordingly, DE 88 will remain under seal. *United States v. Banks*, No. 18-CR-20462-2, 2022 WL 2679417, at *7 (E.D. Mich. July 11, 2022).

### C. *Motion to Release Sealed Documents [DE 84].*

Carroll also requests release of the sealed Statement of Reason [DE 58] and Sealed Transcript [DE 70] to prepare his compassionate release motion. [DE 84 at 412]. Defendants are generally not entitled to free copies of documents filed in the record for the purposes of pursuing post-conviction relief. *See Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970). To obtain free copies, they must make a "special showing of necessity." *Id*. In addition, BOP does not permit an inmate to possess these documents during incarceration, but if the Court permits these to be sent to the Warden at FCI Ashland, BOP policy would allow Carroll's unit team to give him reasonable access to review and inspect the documents. In this case, the Court has fully reviewed both the Statement of Reasons and Transcript and has fully considered them as part of this motion. Because those documents do not alter the outcome in this case, there is no special showing of necessity, and Carroll's motion is moot.

### III. CONCLUSION

For all the reasons set forth above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Carroll's motion for compassionate release [DE 86] is **DENIED**.

**IT IS FURTHER ORDERED** that Carroll's Motion to Seal [DE 87] is **GRANTED.**

**IT IS FINALLY ORDERED** that Carroll's Motion to Release Sealed Documents [DE 84] is **DENIED as moot.**

cc: Defendant, *pro se*